TAVION LOGAN, )
)
      Plaintiff, )
)
v. )     No. 4:17-cv-1494-JAR
)
JOHN DOE 1 - 4, )
)
      Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Tavion Logan, an inmate at

Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this

action without prepayment of the filing fee. The Court has reviewed the motion and the certified

inmate account statement submitted therewith, and will grant the motion and assess an initial

partial initial filing fee of $2.75. In addition, the Court will require plaintiff to submit an

amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is

required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an

initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to his account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

The certified inmate account statement plaintiff submitted with the instant motion details plaintiff's institution account for the six months immediately preceding the filing of the complaint, and shows an average monthly deposit of $13.75, and an average monthly balance of $8.04. The Court therefore assesses an initial partial filing fee of $2.75, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law.

*Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff alleges that his constitutional rights were violated during his arrest on May 31, 2014 when he was denied medical treatment. He names four "John Doe" defendants, and alleges that they are all employed by the St. Louis Metropolitan Police Department. Plaintiff alleges that, on May 31, 2014, he was speeding and pursued by police officers in cruisers. A police helicopter joined the pursuit. At Oriole Avenue, plaintiff jumped from the car and ran, but was stopped by officers in the "gangway" of 5458 Oriole Avenue. (Docket No. 1 at 6). Plaintiff returned to his car and drove away, only to be stopped later and surrounded by many police officers. Plaintiff omitted the next page from the complaint. When the complaint resumes, plaintiff mentions a "no snitch code," alleges that officers placed him in a cold holding cell, and that "some officer" told him to obey him and to sign a "rejection of treatment form obtained through kiosk by EMS." (*Id.* at 7). Plaintiff alleges that officers were deliberately indifferent to his serious medical needs, and that he was not treated for injuries including lacerations, lip and facial swelling, and scratches. He seeks $1.2 million dollars in punitive damages and $1.2 million in compensatory damages.

3

## Discussion

The complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against an unnamed party, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, the complaint only refers to the unnamed defendants as a group, and then describes actions that were taken by a large group of officers, "officers," or "some officer." (Docket No. 1 at 7). Plaintiff does not specify what specific conduct each unnamed defendant did that violated his constitutional rights. Therefore, the complaint does not contain allegations regarding each John Doe defendant that are sufficiently specific to permit their identities to be ascertained after reasonable discovery. In addition, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Because Plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint. In so doing, plaintiff must specify whether he intends to sue each defendant in his or her individual or official capacity. Plaintiff's failure to sue any defendant in his or her individual capacity may result in the dismissal of that defendant. Plaintiff is required to submit his amended complaint on a court-provided complaint form, and the amended complaint must

4

comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff must type or legibly print the amended complaint.

In the "Caption" section of the court-provided complaint form, plaintiff shall list the name (to the extent he knows it) and title of each defendant he wishes to sue. In the "Statement of Claim" section, plaintiff shall start by **typing or legibly printing** the first defendant's name (to the extent he knows it) and under that name he should set forth, in separate numbered paragraphs, the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated. **If plaintiff is suing more than one defendant, he should do the same thing for each one individually, separately writing each individual name and under that name, in numbered paragraphs, a statement of the allegations specific to that particular defendant and the right(s) that defendant allegedly violated.**

The amended complaint must contain <u>short and plain</u> statements showing that plaintiff is entitled to relief. The allegations must be simple, concise and direct, and the numbered paragraphs must each be limited to a single set of circumstances. **No exhibits are to be attached to the amended complaint. Plaintiff must sign the amended complaint before sending it to the Court.** After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 19 15(e)(2). If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

5

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $2.75 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the instructions set forth in this Memorandum and Order, no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of this Court's prisoner civil rights complaint form.

**If plaintiff fails to timely comply with this Order, the Court may dismiss this action, without prejudice and without further notice.**

Dated this 14th day of June, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE