UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAVION LOGAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17-cv-1494-JAR |
| JOHN DOE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of an amended complaint by plaintiff Tavion Logan, proceeding *pro se* and *in forma pauperis*. For the reasons stated below, this case will be dismissed, without prejudice.

### Procedural History

Plaintiff filed an original complaint in this Court on May 8, 2017, alleging violation of his civil rights. He named four fictitious defendants. The complaint included a long, rambling narrative full of conclusory statements. Upon initial review, the Court noted that the complaint was subject to dismissal because plaintiff named only fictitious parties without including facts sufficient to permit their identification following reasonable discovery, and because plaintiff had merely described actions taken by groups of people rather than setting forth allegations that any defendant was directly involved in or personally responsible for violating his rights. In consideration of plaintiff's *pro se* status, the Court gave him the opportunity to submit an amended complaint. In so doing, the Court clearly explained why the complaint was subject to dismissal, and clearly instructed plaintiff how to remedy the defects. The Court advised plaintiff that he was required to follow Rules 8 and 10 of the Federal Rules of Civil Procedure, and

clearly explained that this included setting forth short and plain statements showing that he was entitled to relief. The Court specifically instructed plaintiff to sign the amended complaint before returning it to the Court, and warned him that his case would be dismissed if he failed to file an amended complaint as instructed. Plaintiff timely filed an amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915(e)(2).

## The Amended Complaint

The amended complaint is legally frivolous, and it fails to remedy the defects of the original complaint. It should therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The amended complaint sets forth plaintiff's allegations in the same long, rambling fashion as in the original. It names only fictitious parties without alleging facts sufficient to permit their identification following reasonable discovery, and it fails to set forth factual allegations that any John Doe defendant was directly involved in or personally responsible for violating his rights. Instead, plaintiff merely refers to groups of people, and concludes that they collectively violated his rights. In addition, plaintiff did not sign the amended complaint. It is obvious that plaintiff made no attempt to follow Rules 8 and 10, or the Court's instructions.

The situation before the Court is one in which plaintiff chose to prepare his amended complaint in much the same manner as the original after being told why the original was subject to dismissal. The rules of pleading are simple. Plaintiff was given clear instructions how to remedy the defects, and warned that his case would be dismissed if he failed to comply. While the Court recognizes the necessity of affording a *pro se* complaint the benefit of a liberal construction, this does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Nothing permits the conclusion that plaintiff would follow the

2

Federal Rules of Civil Procedure or the Court's instructions if he were again allowed to submit an amended pleading. For all of these reasons, the Court will dismiss this action, without prejudice. *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988) (affirming dismissal of amended complaints for failure to comply with Fed. R. Civ. P. 8 where district court gave express warning), *Fitzwater v. Ray*, 352 F. App'x 125, 126 (8th Cir. 2009) (*per curiam*) (district court did not abuse its discretion in dismissing action without prejudice when the *pro se* plaintiffs failed to comply with an order "directing them to file within fourteen days an amended complaint in conformity with Rule 8"); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that that plaintiff's second motion for leave to proceed *in forma pauperis* (Docket No. 6) and his motion for extension of time (Docket No. 7) are **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 3rd day of August, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

3